In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00530-CR**
**NO. 09-13-00531-CR**

_____

**JONATHAN LLOYD HARDIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause Nos. 02-87180, 02-87181

**MEMORANDUM OPINION**

In these appeals, counsel for Jonathan Lloyd Hardin, the appellant, filed briefs stating that there are no arguable grounds to be advanced in his appeals from the judgments in trial cause numbers 02-87180 and 02-87181. After reviewing the records from the proceedings in the trial court, we agree that any appeals from the judgments at issue would be frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

1

Hardin appeals from judgments that were rendered by the trial court based on plea bargains that Hardin made with the State. In carrying out the plea agreements, Hardin pled guilty to indictments alleging that he had committed aggravated robberies. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2011). In each case, the trial court deferred the adjudication of Hardin's guilt, placed Hardin on community supervision for eight years, and assessed a $1,000 fine. Subsequently, in each case, the State asked the trial court to revoke its community supervision order. During the hearing on the State's respective motions to revoke, the trial court found Hardin had violated one of the terms that is in each of the deferred adjudication orders governing Hardin while on community supervision. At the conclusion of the hearing, the trial court revoked both of the community supervision orders, found Hardin guilty of committing the respective aggravated robberies alleged in the indictments, and sentenced Hardin to a twenty-five year sentence on each case. The judgments reflect that the trial court ordered the sentences to be served concurrently.

On appeal, Hardin's counsel filed briefs that present counsel's professional evaluation of both records. In both cases, Hardin's court-appointed appellate counsel submitted a brief in which he contends that there are not arguable grounds to be advanced in either of the appeals. *See Anders*, 386 U.S. at 744; *High v. State*,

573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time to allow Hardin to file *pro se* briefs. No *pro se* briefs were received.

We have independently reviewed the records and counsel's briefs, and we agree with counsel's conclusion that any appeals of these cases would be frivolous. Therefore, we need not order the appointment of new counsel to re-brief Hardin's appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Because no arguable issues support Hardin's appeals, we affirm the trial court's judgments.[1]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 19, 2014
Opinion Delivered October 1, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

_____

[1]Hardin may challenge our decisions in these cases by filing petitions for discretionary review. *See* Tex. R. App. P. 68.